# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ANNIE L. HOPKINS, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | Case No. CV614-026 |
| | ) | CR612-011 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Annie Hopkins pled guilty to conspiracy to defraud the government. (Cr. doc. 133.)[1] In doing so, she waived both her direct appeal and collateral review rights.[2] (Cr. doc. 165.) Despite the waiver,

---

[1] Unless otherwise noted, citations are to the docket in Hopkins' civil § 2255 case, number CV614-026. "Cr. doc." refers to documents filed under her criminal case, CR612-011. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

[2] The plea agreement states:

To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction pleading or proceeding, including but not limited to a 28 U.S.C. 2255 action, on any ground, EXCEPT THAT: the defendant may file a direct appeal of h[er] sentence if it exceeds the statutory maximum or if, by variance or departure, the sentencing court imposes a sentence higher than the advisory sentencing guideline range as found by the sentencing court. The government's right to appeal is not limited, BUT IF the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

she has returned to this Court seeking 28 U.S.C. § 2255 relief. (Doc. 1.) Her motion should be denied.

## I. ANALYSIS

Hopkins, who was on federal disability from 1997 until the date of the offense conduct, participated in a scheme to file fraudulent tax returns using the names and social security numbers of inmates in the custody of the Federal Bureau of Prisons. (PSI at 4-7.) The total intended loss was $2,861,841.39, though the IRS suffered an actual loss of only $305,904.48. (*Id.* at 7-8.) Based on the loss calculations, her base offense level under the United States Sentencing Guidelines was increased by 18 levels. (*Id.* at 8.) Hopkins contends that: (1) the intended loss was improperly calculated, (2) she was only involved in the conspiracy for a short period of time and should only be held accountable for that shortened time period, (3) counsel was ineffective for failing to object to the PSI's loss amount, and (4) accounting for intended losses greater than actual losses violates the *ex post facto* clause. (Doc. 1 at 5-

---

(Cr. doc. 165 at 7.) Hopkins' advisory sentencing range was 63-78 months. (Presentence Investigation Report ("PSI") at 14.) She was sentenced to serve 66 months. (Cr. doc. 163.) Additionally, the government did not appeal her sentence. As such, she has not shown that she is subject to any sort of exception to the collateral waiver.

8.) Hopkins does not even acknowledge the double-waiver and no-appeal directive in her § 2255 filings. Nevertheless, the Court must determine its validity and preclusive effect.

"A plea agreement is 'a contract between the Government and a criminal defendant.'" *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)). Hence,

> it should be given the interpretation that the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). . . . "[T]he defendant's knowledge and understanding of the sentence appeal waiver is one of the components that constitutes the 'core concern' of the defendant's right to be aware of the direct consequences of his guilty plea." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (internal quotation marks omitted). To demonstrate that a sentence-appeal waiver is sufficiently knowing and voluntary to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.*

*Thompson*, 353 F. App'x at 235; *United States v. Ruff*, 2011 WL 205382 at *1 (11th Cir. Jan. 5, 2011). As to § 2255 collateral bars,

> "[a]t a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and he must realize he is giving up that right as part of his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th

Cir. 1998). When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel. [*United States v.*] *Williams*, 396 F.3d [1340, 1342 (11th Cir. 2005)].

*Thompson*, 353 F. App'x at 235.

Hopkins never contests the government's assertion that the waiver was knowingly and voluntarily entered. She could not win such a claim in any event. The waiver itself explicitly referenced § 2255 proceedings and noted that Hopkins would be forever barred from challenging her conviction and sentence under that statute. (Cr. doc. 165 at 7.) She signed the plea agreement (*id.* at 10) and testified at the change of plea hearing that she had read the plea agreement, reviewed it with counsel, and understood it (cr. doc. 213 at 16, 24, 27, 38, 41, 43, 54, 59).

Moreover, the judge discussed the appeal and collateral waiver at length during movant's Rule 11 hearing:

> Q: You're giving up your right to complain about how your lawyer has represented you, how the government has treated you, how your co-defendants, what they've said about you and how the Court has dealt with you, including the government's prosecutors, the grand jury, the magistrate judge and this judge. You understand that?
>
> A: Yes, sir.

4

(Cr. doc. 213 at 24.) Shortly thereafter, the Court again examined the issue:

> Q: You have a constitutional right to an appeal, but you may waive or give up that in the bargain you strike with the government, what we call the plea agreement. You understand that?
>
> A: Yes, sir.
>
> Q: Did you voluntarily give up those rights in consideration of them agreeing that you should be sentenced within the Guidelines and them dismissing one of the charges in essence?
>
> A: Yes, sir.
>
> Q: Did you have a chance to discuss it with your lawyer?
>
> A: Yes, sir.
>
> Q: Whose decision is it to plead guilty?
>
> A: My decision.

(*Id.* at 38.) Finally, at the request of the Court, the prosecutor discussed the terms of the plea agreement, including the appeal and collateral attack waivers:

[AUSA KRAMER] Your Honor, the pertinent portions of the Plea agreement provide that upon Ms. Hopkins' plea of guilty to Count 1 of the indictment, the government will dismiss Count 2 as to her; will advise the Court at sentencing of the extent and value of any information, cooperation or assistance in the investigation and prosecution of others provided by her and determine whether that cooperation is so substantial as to justify a motion for downward departure or sentence reduction under the statutes and rules of the Court; will not object to a recommendation from the probation officer that she receive a reduction for acceptance of responsibility under the provisions of Chapter 3 of the Sentencing Guidelines; and will move for the third offense level point reduction based on the timeliness of her plea, provided that she truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter.

In addition to pleading guilty to Count 1 of the indictment, Ms. Hopkins agrees to make restitution in an amount to be determined by the Court. She agrees to give the United States Attorney's Office a true and complete financial statement in the event a fine or restitution is imposed, and she agrees to waive all appeals and collateral attacks of her conviction and sentence, except where the Court's sentence exceeds the statutory maximum or the guideline range as calculated by the Court or where the government appeals the sentence on any ground.

[COURT]: Is that a fair summary, Mr. Morrison?

[MR. MORRISON]: It is, Your Honor.

[COURT]: Is that what you thought you had agreed to do, Ms. Hopkins?

[HOPKINS]: Yes, sir.

\* \* \*

[COURT]: Now, many people when the case is over say, well, my lawyer didn't represent me according to law and his responsibilities to represent me. If you -- if I approve this agreement, you know you may no longer allege Mr. Morrison did not represent you consistent with his obligation to do so, or he threw you to the wolves or anything of that nature.

[HOPKINS]: Yes, sir.

[COURT]: And if you file such a paper, it'll be dismissed. You understand that?

[HOPKINS]: Yes, sir.

(*Id.* at 39-41.)

Hopkins waived all of her claims by accepting the plea agreement's double waiver.[3] *Thompson*, 353 F. App'x at 235; *United States v. Orozc-Picazo*, 391 F. App'x 761, 771 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to drug and gun conspiracy charges precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines). And she has not raised any claims directly attacking the validity of the guilty-plea

---

[3] She also waived any pre-plea claims simply by pleading guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997).

7

agreement.[4] *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (ineffective assistance of counsel claim figuring into validity of defendant's guilty plea is not barred by double waiver) (citing *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) ("there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."); *United States v. Smith*, 759 F.3d 702, 708 (7th Cir. 2014) ("Smith knowingly and voluntarily waived his appellate rights, including his right on appeal to contend that his counsel below was ineffective as to any matter *other than* the waiver and his negotiation of it.") (emphasis added); *Holland v.*

---

[4] Even if she had, she would be hard pressed to win on that front, either. A defendant is unable to escape his own sworn admissions during the change-of-plea hearing:

> The representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the fact of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986).

*United States*, 2014 WL 5241531 at *2-3 (S.D. Ga. Oct 14, 2014). Consequently, Hopkins' §2255 motion should be denied.

## II. CONCLUSION

Annie Hopkins's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __30th__ day of October, 2014.

_/s/ J.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA